IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Raymond Sanchez-Echevarria,
    *Plaintiff,*

v.

United States of America,
    *Defendant.*

CIVIL NO. 23-1420 (DRD)

<u>Opinion and Order</u>

Pending before the Court is petitioner's Raymond Mendez-Echevarría's (herein after "Petitioner" or "Mendez-Echevarría"), Motion for Relief Under § 2255 to Vacate, Set Aside or Correct Sentence.[1] Docket No. 1. Meanwhile, the Government filed its response seeking the denial and dismissal of the instant second or successive § 2255 as petitioner has failed to obtain the approval from the First Circuit to file a second or successive petition with this Court. Docket No. 5. The Court agrees with the Government.

I.    Procedural History

On October 4, 2002, Petitioner, along with thirteen defendants, was indicted by a Federal Grand Jury in Criminal Case No. 02-387 (DRD). Petitioner was indicted for violations to a drug conspiracy statute under 21, U.S.C., Sec. 841(a)(1) and 846. Mendez-Echevarría was arrested on October 23, 2002. As a result of his criminal conduct during his arrest, Petitioner was *again* indicted by a Federal Grand Jury on November 20, 2002, in a two-count indictment in

---

[1] Petitioner titled the filing *Petitioner Mendez-Echevarria's Motion Pursuant to F.R.Civ.P. Rule 15(c) Relation Back of Amendments and Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts.*

Criminal Case No. 02- 448 (DRD). In this second Indictment, Count One charged Petitioner with aiding and abetting and unlawfully possessing a firearm which had been shipped and transported in interstate commerce in violation of 18, U.S.C., Sec. 922(k). Count Two charged Petitioner with receipt of a firearm by an indicted person in violation of 18, U.S.C., Sec 922(n).

On March 8, 2003, both cases were consolidated under 02-387(DRD). On June 22, 2004, Petitioner's trial began. On July 27, 2004, after twenty-two days of trial, the jury returned a verdict as to Méndez-Echevarría of guilty of Count One of the indictment in 02-387(DRD) and guilty of Counts One and Two of the indictment in 02-448(DRD).

On May 26, 2005, Méndez-Echevarría was sentenced by the Court to a term of imprisonment of life as to Count One in Crim. No. 02-387(DRD), a term of imprisonment of five years as to each Counts One and Two in Crim. No. 02-448(DRD), said terms to be served concurrently with each other and with the sentence imposed in Crim. No. 02-387(DRD). Petitioner was further sentenced to a term of Supervised Release of five years as to Count One in Crim. No. 02-387(DRD) and five years as to Counts One and Two in Crim. No. 02-448 (DRD); said terms to be served concurrently with each other. A Special Monetary Assessment of one hundred ($100.00) dollars was imposed as to Count One in Crim. No. 02-387(DRD) and two hundred ($200.00) dollars as to Counts One and Two in Crim. No. 02-448 (DRD); for a total assessment of three hundred ($300.00) dollars.

On June 5, 2005, Petitioner, through his counsel, timely filed a Notice of Appeal. On August 27, 2008, the First Circuit Court of Appeals issued its Opinion and Judgment affirming Méndez-Echevarría's conviction and sentence, *United States v. Sanchez-Badillo*, 540 F.3d 24(1st Cir., 2008). On January 12, 2009, the Supreme Court of the United States denied Petitioner's Certiorari.

On November 23, 2009, Méndez-Echevarría filed a timely Petition for relief pursuant to Sec. 2255 in 09-2186 (DRD). On March 27, 2017, the Court entered order denying Petitioner's Motion to Vacate on the merits. The Court further denied Petitioner's request for an evidentiary hearing and ordered that no certificate of appealability should be issued if Petitioner filed a notice of appeal because there was no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2). On June 6, 2013, Mendez-Echevarria moved to reconsider this Court's order and judgment. This request was denied.

On August 18, 2023, Mendez-Echevarria filed his second § 2255 motion now pending before the Court.

II.     Discussion

This Court lacks jurisdiction to address Petitioner's unauthorized successive petition. "A federal prisoner seeking to file a second or successive § 2255 petition must first obtain authorization from the court of appeals to do so." *Bucci v. United States*, 809 F.3d 23, 25 (1st Cir. 2105) (citing 28 U.S.C. §§ 2244(b)(3)(A), 2255(h)); see *United States v. Pratt,* 129 F.3d 54, 57 (1st Cir. 1997) (holding 28 U.S.C. § 2255(h)'s "prior approval provision allocates subject-matter jurisdiction to the court of appeals by stripping the district court of jurisdiction

3

over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward"). "Such authorization is available only when the second or successive petition is based either on (1) newly discovered evidence that would establish innocence or (2) a new rule of constitutional law made retroactive on collateral review by the Supreme Court." *Bucci*, 809 F.3d at 25-26 (citing 28 U.S.C. § 2255(h).

Petitioner has failed to demonstrate that his second § 2255 petition complies with the exceptions listed above. Thus, in absence of extraordinary circumstances and without authorization from the court of appeals, this Court lacks authorization to resolve Petitioner's request.

Accordingly, the Court holds that it lacks jurisdiction to address Mendez-Echevarria's request. Thus, Petitioner's 28 U.S.C. § 2255 motion to vacate is hereby DENIED. Judgment of dismissal is to be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 27th day of October 2023.

*S/Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge